IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PER ANDREW BANNER
   Plaintiff,

vs.             Case No. 3:11cv120/RV/EMT

NATIONAL SECURITY AGENCY, et al.
   Defendant.

**REPORT AND RECOMMENDATION**

   Plaintiff Per Andrew Banner, appearing pro se, initiated this cause by filing a complaint on the form for use by pro se litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 3). Leave to so proceed was denied, and the filing fee has been paid (docs. 6 & 7).

   On the first page of the complaint form, Plaintiff lists "Fort Meade/Pentagon" as the only Defendant. On the second page of the form, he lists National Security Agency and Pentagon as two separate Defendants. In Plaintiff's statement of facts he asserts "brain zapping," and he claims that he and his family were "zapped" in South America in the 1960's without their consent. He asserts that he was told this by electronic voices that he refers to as "Program Bias" (doc. 1 at 3). Plaintiff claims that the National Security Agency ("NSA") has used its technology incorrectly and that he has suffered extreme loss of personal property as a result (*id.* at 4). He also asserts that his parents "met an intentional demise by the NSA with their Program Bias" and that it was "these Program Bias that confirmed their demise" (*id.*). When instructed in section IV of the complaint form to state what

rights he contends have been violated, Plaintiff cites the Universal Declaration of Human Rights[1] and states "see all attachments"[2] (*id.* at 5).  He seeks seven billion dollars in damages (*id.*).

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005) (quoting University of South Alabama, 168 F.3d at 410).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist.  Lovern, 190 F.3d at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942); Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61, 64 (4th Cir. 1988)).  In this case, the allegations of Plaintiff's complaint reveal no discernable basis for federal jurisdiction.  The Universal Declaration of Human Rights does not provide a private right of action, and neither it—nor any of the attachments to the complaint—offer any jurisdictional basis for this case.  Therefore, the case must be dismissed for lack of jurisdiction.[3]

---

[1] This document was adopted and proclaimed by the General Assembly of the United Nations on December 10, 1948.  *See* http://www.un.org/en/documents/udhr/index.shtml.

[2] Attachments to the complaint include a partial copy of the Universal Declaration of Human Rights, a thirteen-page missive written by Dave Bader about Modern Human Experimentation/Torture that details his experience of having voices in his head beginning in 1993 (*see* http://www.netti.fi/~makako/mind/d_bader.htm); a twenty-four page printout from American Patriot Friends network titled "NSA Mind Control and Psyops"; three pages of handwritten notations relating to this case; and a nine-page printout titled "Covert Operations of the U.S. National Security Agency" by John St. Clair Akwei that reflects it is from an article in Nexus Magazine April/May 96 from "MindControlForums" Website.

[3] In addition, even if there were some jurisdictional basis for this case, Plaintiff's own allegations reveal that the alleged "zapping" took place in the 1960's, likely well beyond the scope of any potentially applicable statute of limitations.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of June 2011.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).